## Fourth Department, May, 1922.

In the Matter of the Claim of Frank Raymond, Respondent, v. Fanny Kelly, as Executrix, etc., of Andrew Davis, Deceased, Appellant.

*Executors and administrators — claim arising out of joint adventure not partnership — when motion to amend decision of surrogate granted — evidence.*

Motion to amend decision.

Per Curiam: We modified the decree of the surrogate by deducting from the claim as allowed by the surrogate what was paid by Davis, the testator, upon the Bramer option, taken in the name of Raymond, the claimant, and not turned over. The executor moves to have specific findings made and argues that the amount as reduced is still too large; that in fact the estate owes claimant nothing. Claimant moves for a reargument and suggests a new trial, contending that the

reduction should not have been made. No findings were made by the surrogate and the evidence itself is quite unsatisfactory. We have, therefore, concluded to order a new trial. We reached the conclusion that the arrangement between Davis and Raymond was a joint adventure and not a partnership; that Davis was first entitled to what he had advanced for lands purchased and turned over by Davis to the corporation organized in pursuance of the arrangement. The corporation gave to Davis a check for $15,000, for which $15,000 of stock was issued. An additional $15,000 of stock was issued, and while it is not very clear from the evidence, or from the opinion of the surrogate, we thought the first $15,000 of stock was to reimburse Davis and the additional $15,000 of stock represented the profits. The surrogate seems to have so treated the stock transaction, allowing claimant one-third of $15,000 stock, valued at fifty cents on the dollar, amounting to $2,500. But he did not take into account the matter arising out of the Bramer option, leaving it, as he says, for future action. We think the whole matter should be adjusted in this proceeding. As Raymond did not turn over the Bramer contract it would seem that the Davis estate should be allowed the money Davis advanced thereon. It is suggested on behalf of claimant that it does not appear that Davis was not reimbursed. In view of the fact that the surrogate did not consider this matter, and the unsatisfactory condition of the evidence generally, we have concluded to order a new trial. The decree, so far as it adjudicates the Raymond claim, should, therefore, be reversed upon the law and the facts, and a new trial ordered, with costs to the appellant to abide the event. Motion to amend decision granted, and the order entered herein on March 29, 1922, is amended so as to provide that the decree is reversed upon the law and facts, and a new trial is ordered, with costs to appellant to abide event. All concur. [See 201 App. Div. 876.]